*130
 
 Haii, Judge,
 

 delivered the opinion of a majority oí' the Court;
 

 If the fact really was as is set forth in the first exception, that the award made the Complainants’ intestate sustain a loss on the business, whilst under the special management of the Defendant, and occasioned by his mismanagement, it would seem to be inequitable; but the referees do not admit that to have been the fact. They direct the loss to be divided, because from the books, documents and testimony adduced, it did not appear to have been occasioned by the misconduct of any one of them. They were not bound by the Master’s report nor opinion j they had a right to exercise their own judgments, and draw their own conclusions from all the facts of the case before them. They profess to be governed by the principles of Law arising out of the case ; and in this respect they seem not to have been mistaken. If they had been, it would be a good reason for setting aside their award. AH the facts of the case were laid before them : if they acted honestly, (and the contrary is not presumed,) although the opinions which they formed might be different from the opinions of others formed upon the same evidence, that is no reason for setting aside their award. The first exception must therefore be overruled. As to the second exception, it is only necessary to remark, that arbitrators have great latitude of discretion 5 they are not bound down by the strict rules of Law. Besides, Courts of Equity, in settling disputes like the present, frequently direct a party
 
 to the suit to
 
 he examined on oath. Nothing more is stated to have been done by the arbitrators by this exception
 
 ;
 
 and the exception must be overruled.
 

 Tayiok, Chief-Justice, contra, as to the first exception.